# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

BILL LIETZKE,

Plaintiff,

v.

CITY OF BIRMINGHAM, *et al.*,

Defendants.

Case No. 3:19-cv-00104-TMB

## ORDER OF DISMISSAL

Self-represented litigant, Bill Lietzke filed a complaint on April 12, 2019, along with a civil cover sheet and a Motion to Proceed In Forma Pauperis.[1] The cover sheet names the City of Birmingham, Alabama and Patrick D. Smith, Chief as defendants.[2] Additionally, the cover sheet indicates that the complaint presents a federal question under 42 U.S.C. § 1983 and describes the cause as "false imprisonment, unlawful arrest, civil rights violations.

The complaint alleges that on April 20, 2018 Mr. Lietzke arrived in Birmingham, Alabama via Greyhound bus.[3] He alleges that the City of Birmingham and "two (2) unidentified, unspecified African-american black Birmingham Greyhound Lines, Inc. Defendants" caused Mr. Lietzke to be arrested. The complaint further alleges that Mr. Lietzke was subject to "unlawful arrest," "freedom

---

[1] Dockets 1-3.

[2] Docket 2.

[3] Docket 1 at 1-2.

of movement by barrier or force and other total and complete unreasonable duress," and "unlawful physical contacts."   Mr. Lietzke alleges the City of Birmingham and the two unidentified defendants violated his First, Second, Third, Fourth, and Fifth Amendment right of the U.S. Constitution.  The complaint does not mention or include allegations regarding Patrick D. Smith.[4]

For relief, Mr. Lietzke requests (1) "Actual, Punitive, and Compensatory Damages against all Defendants for $2,000,000,000.00,"  (2) an "assessment of fines against all Defendants for $20,000,000.00, and (3) "imprisonment of all Defendants in a maximum security federal/state prison for 10 years."[5]

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking IFP status.[6]  In this screening, a court shall dismiss the case at any time if the court determines that the action:

(i)      is frivolous or malicious;

(ii)     fails to state a claim on which relief may be granted; or

---

[4] *See* Docket 1.

[5] Docket 1 at 3.

[6] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (clarifying that the relevant law, 28 U.S.C. § 1915(e) "applies to all [IFP] complaints," and not just those filed by prisoners).

3:19-cv-00104-TMB, *Lietzke v. City of Birmingham, et al.*
Order to Dismiss
Page 2 of 7
Case 3:19-cv-00104-TMB   Document 7   Filed 06/11/19   Page 2 of 7

(iii) seeks monetary relief against a defendant who is immune from such relief.[7]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[8] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[9] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[10]

---

[7] 28 U.S.C. § 1915(e)(2)(B).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[9] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[10] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

3:19-cv-00104-TMB, *Lietzke v. City of Birmingham, et al.*
Order to Dismiss
Page 3 of 7
Case 3:19-cv-00104-TMB   Document 7   Filed 06/11/19   Page 3 of 7

**DISCUSSION**

Mr. Lietzke's complaint alleges that he was assaulted and then wrongly jailed in Birmingham, Alabama. The complaint fails to establish personal jurisdiction over the defendants and is filed in the incorrect venue. Additionally, Mr. Lietzke has repeatedly filed his allegations in numerous district courts and therefore his complaint is frivolous. In this case, amendment would be futile; therefore, leave to amend will not be permitted.

Personal Jurisdiction

The Court must have personal jurisdiction over the parties. Personal jurisdiction is "[a] court's power to bring a person into its adjudicative process."[11] Under the Rules of Civil Procedure, personal jurisdiction may be established over a defendant who is "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."[12] If the defendant is located out-of-state, the United States Constitution requires that a defendant must have a minimum level of contacts with the state in which the federal court is located in order for that court to be authorized to hear the case.[13] A plaintiff must show that an out-of-state defendant had sufficient minimum contacts with and in Alaska necessary as not to offend the "traditional notices of fair play and substantial justice."[14]

The complaint articulates that the events at issue occurred in Birmingham, Alabama. Additionally, the addresses for the prospective defendants are all

3:19-cv-00104-TMB, *Lietzke v. City of Birmingham, et al.*
Order to Dismiss
Page 4 of 7
Case 3:19-cv-00104-TMB   Document 7   Filed 06/11/19   Page 4 of 7

located in Alabama. The complaint does not establish any events or contacts that would give defendants reasonable notice of this Court's jurisdiction. Due to this lack of contacts, it would offend the traditional notices of fair play and justice for this Court to assert jurisdiction. Therefore, this Court has no personal jurisdiction over the defendants.

## Venue

A civil action must also be brought in the proper venue in order for a district court to have proper jurisdiction.[15] In general, a civil lawsuit is properly filed in "(1) a judicial district in which any defendant resides, if all the defendants are residents of the State in which the district is located," (2) where "a substantial part of the events or omissions giving rise to the claim occurred," or (3) if there is no other district where the suit can be brought then in a judicial district where "any defendant is subject to the court's personal jurisdiction."[16]

Here, none of the defendants reside in the District of Alaska, nor do the alleged events take place in the District of Alaska. And, as discussed above, this Court does not have personal jurisdiction over any of the defendants. Accordingly, this action is not filed in the proper venue and must be dismissed.

---

[15] 28 U.S.C. § 1391.

[16] 28 U.S.C. § 1391(b).

3:19-cv-00104-TMB, *Lietzke v. City of Birmingham, et al.*
Order to Dismiss
Page 5 of 7
Case 3:19-cv-00104-TMB   Document 7   Filed 06/11/19   Page 5 of 7

Frivolous Lawsuits

In accordance with federal law, a court must dismiss a case "at any time if the court determines that the action or appeal is frivolous or malicious."[17]  The term frivolous, or frivolous as a matter of law, is a legal term.  It means that a case or complaint "lacks an arguable basis in either in law or in fact."[18]  When a court evaluates whether a complaint is frivolous, it must "pierce the veil of the complaint's factual allegations to determine whether they are fanciful, fantastic, or delusional."[19]  Additionally, a complaint may be frivolous if it merely repeats pending or previously litigated claims."[20]

Mr. Lietzke has frequently attempted to litigate his allegations against the City of Birmingham.  A search of federal dockets reveals Mr. Lietzke has filed complaints in numerous districts around the country including Alabama, Michigan, Oregon, Montana, and California.[21]  Additionally, Mr. Lietzke advances similar factual allegations in *Lietzke v. Greyhound Lines, Inc.*, 3:19-cv-106-TMB.  As such,

---

[17] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

[18] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[19] *Neitzke*, 490 U.S. at 327-28; *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

[20] *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

[21] *See Lietzke v. City of Birmingham et al.*, 2:18-cv-00887 (M.D. Ala. 2018); *Lietzke v. City of Birmingham et al.*, 2:18-cv-00796 (N.D. Ala. 2018); *Lietzke v. City of Birmingham et al.*, 2:18-cv-11498 (E.D. Mich. 2018); *Lietzke v. City of Birmingham et al.*, 9:19-cv-00061 (D. Mont. 2019); *Lietzke v. City of Birmingham et al.*, 2:18-cv-02733 (E.D. Cal. 2018); *Lietzke v. City of Birmingham et al.*, 3:18-cv-06198 (N.D. Cal. 2018).

3:19-cv-00104-TMB, *Lietzke v. City of Birmingham, et al.*
Order to Dismiss
Page 6 of 7
Case 3:19-cv-00104-TMB   Document 7   Filed 06/11/19   Page 6 of 7

Mr. Leitzke's action is frivolous because it merely repeats previously litigated claims. Therefore, the complaint must be dismissed with prejudice for frivolousness.

## Futility of Amendment

Mr. Lietzke's complaint lacks personal jurisdiction and venue. Under the facts alleged, Mr. Lietzke is unable to establish personal jurisdiction over the defendants. Additionally, Mr. Lietzke has previously litigated these claims in several jurisdictions, making them frivolous. Therefore, amendment is futile.

**IT IS THEREFORE ORDERED:**

1. The action is **DISMISSED WITH PREJUDICE** for lack of personal jurisdiction, lack of venue, frivolousness, and the futility of amendment.

2. The Application to Proceed in District Court without Prepaying Fees or Costs is **DENIED AS MOOT**.

3. The Clerk of Court is directed to enter a Final Judgment in this case.

DATED at Anchorage, Alaska this 11th day of June, 2019.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
United States District Judge

3:19-cv-00104-TMB, *Lietzke v. City of Birmingham, et al.*
Order to Dismiss
Page 7 of 7
Case 3:19-cv-00104-TMB   Document 7   Filed 06/11/19   Page 7 of 7